the instructions with respect to the law of self-defense.

Further, as to the use of force to protect another, the trial court instructed the jury that "[t]his defense is available only if all— is available only if all three of the following conditions are met: One, Mr. Spence would have been justified in using such force to protect himself against the unlawful force that he believed to be threatened against the person Mr. Spence sought to protect; and, two, Mr. Spence believed that under the circumstances, the person he sought to protect would have been justified in using such protective force; and, three, Mr. Spence believed that the intervention was necessary for the protection of the other person." [68] The trial court continued: "You may find Mr. Spence guilty only if you're satisfied beyond a reasonable doubt that Mr. Spence did not believe that the force he used was immediately necessary to protect others then and there from unlawful force used by the other person." [69] Although the self-defense slides were improper, the trial court's instructions were accurate. We conclude that the error did not jeopardize the fairness and integrity of the trial.

### E. The *Hunter* Test

The final step of both harmless and plain error review is to apply the *Hunter* test to any instances of prosecutorial misconduct, regardless of whether the conduct passed the *Hughes* test or the *Wainwright*

test. The *Hunter* test, as noted, considers "whether the prosecutor's statements are repetitive errors that require reversal because they cast doubt on the integrity of the judicial process." [70] Here, of Spence's alleged six instances of prejudicial misconduct, three of these can be considered prosecutorial misconduct: Slide 067, the slide that provides "[t]he defendant is guilty of all the charges against him[,]" and the slides describing the justification defenses. But, even when viewed together, these statements did not cast doubt on the integrity of the judicial process, particularly in light of the substantial amount of evidence presented in the case against Spence, including his own testimony. The trial court's instructions were proper and there were no objections to them. Therefore, this Court finds that reversal is not warranted under the *Hunter* test.

### V. CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is **AFFIRMED**.

**Joseph E. TAYLOR, Defendant Below–Appellant,**

**v.**

---

material to justify the use of deadly force, self-defense is unavailable for the offenses of murder in the second degree, manslaughter-reckless causation of death, and reckless endangering in the first degree. B289 (Tr. 108:19–109:11).

**68.** B289 (Tr. 109:20–110:8).

**69.** B290 (Tr. 111:6–11). The trial court also instructed the jury as follows: "If you find that Mr. Spence believed that the use of dead-

ly force upon Mr. Williams and Mr. Allen was necessary to protect others against death or serious physical injury but that he was reckless in having such belief, which was material to justify the use of deadly force, the defense of use of force to protect others is unavailable for the offenses of murder second degree, manslaughter-reckless causation of death and reckless endangering in the first degree." B290 (Tr. 111:12–21).

**70.** *Hunter*, 815 A.2d at 733.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 379, 2015

Supreme Court of Delaware.

Submitted: October 22, 2015
Decided: November 30, 2015

Court Below—Superior Court of the State of Delaware, in and for Sussex County, Cr. ID Nos. 1303012813 and 1310008424.

AFFIRMED.

Cleveland A. BALDWIN, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 113, 2015

Supreme Court of Delaware.

Submitted: October 21, 2015
Decided: December 1, 2015

Court Below: Superior Court of the State of Delaware, in and for New Castle County, Cr. I.D. No. 1308009488A.

AFFIRMED.

Naees BEEKS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 192, 2015

Supreme Court of Delaware.

Submitted: November 18, 2015
Decided: December 1, 2015

Court Below: Superior Court of the State of Delaware, in and for New Castle County, Cr. ID. No. 1404019473

AFFIRMED.

Jermaine WILLIAMS, et al.,
Defendants Below–
Appellants,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 103, 2015

Supreme Court of Delaware.

Submitted: December 2, 2015
Decided: December 2, 2015

Court Below: Superior Court of the State of Delaware, in and for Sussex County

AFFIRMED.

Felipe GOMEZ, Defendant
Below, Appellant,

v.